IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CITY CRESCENT LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 05-580<br>(Chief Judge Damich) |

DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute plaintiff's characterization of its action and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. Admits the allegations contained in paragraph 5 that defendant entered into GSA lease No. GS-03B-09074 with plaintiff

for the premises located at 10 South Howard Street, Baltimore, Maryland; denies the remainder of the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 that the original term of the lease, as modified by Supplemental Lease Agreement No. 4, was March 31, 1993 through March 30, 2003; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in the first and second sentences of paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 7; admits the allegations contained in the third sentence of paragraph 7.

8. Admits the allegations contained in paragraph 8 that the City of Baltimore enacted Ordinance No. 57 in June, 1992; the remainder of the allegations contained in paragraph 8 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 8.

9. The allegations contained in paragraph 9 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute conclusions of law to which no answer is required; to the extent

they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Admits.

14. Denies the allegations contained in the first and second sentences of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 14.

15. Admits the allegations contained in paragraph 15 that the state real estate tax, city real estate tax, and the supplemental tax were calculated based upon the assessed value of the Property multiplied by the applicable tax rate for the tax year July 1 through June 30; denies the remainder of the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 that in or about August of every year during the Lease, plaintiff provided defendant with copies of the state real estate tax bills, city real estate tax bills, and supplemental tax bills; denies the remainder of the allegations contained in paragraph 16.

17. Admits the allegations contained in the first sentence of paragraph 17 that plaintiff and the contracting officer signed documents described as real estate tax escalation analysis for lease years 1995/1996, 1996/1997, 1999/2000, and 2000/2001; admits the remainder of the allegations contained in the first sentence of paragraph 17 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 17. Admits the allegations contained in the second sentence of paragraph 17 that Exhibit 3 contains true and correct copies of the signed escalation analyses and some of the correspondence between plaintiff and the contracting officer regarding real estate tax bills and supplemental tax bills; otherwise denies the allegations contained in the second sentence of paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 that defendant paid the amount set forth in the escalation analysis every year in which a special assessment was due, prior to 2002; denies the remainder of the allegations contained in paragraph 19.

20. Admits.

21. Admits the allegations contained in the first sentence of paragraph 21 regarding the contents of the letter dated October 15, 2001 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 21 regarding the contents of the letter dated October 15, 2001; denies the remainder of the allegations contained in the first sentence of paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Admits the allegations contained in paragraph 25 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits.

28. The allegations contained in paragraph 28 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Admits the allegations contained in the first sentence of paragraph 29 that the contracting officer issued a final decision on June 1, 2004; admits the remainder of the allegations contained in the first sentences of paragraph 29 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the first sentence of paragraph 29. Admits the allegations contained in the second and third sentences of paragraph 29 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 29. Admits the allegations contained in the fourth sentence of paragraph 29.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. The allegations contained in paragraph 31 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. Defendant's responses to paragraphs 1 through 31 of the complaint are incorporated by reference.

33. The allegations contained in paragraph 33 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. Admits the allegations contained in paragraph 34 that defendant paid the supplemental tax until 2002 and that defendant has demanded that plaintiff refund all of the amounts paid for the supplemental tax throughout the term of the lease, plus interest; denies the remainder of the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 that, since 2002, defendant has refused to pay the supplemental tax, which currently totals $132,755.93; denies the remainder of the allegations contained in paragraph 35.

36. The allegations contained in paragraph 36 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. Denies.

39. Defendant's responses to paragraphs 1 through 38 of the complaint are incorporated by reference.

40. The allegations contained in paragraph 40 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. Admits the allegations contained in paragraph 41 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Admits the allegations contained in paragraph 43 that defendant paid the supplemental tax until 2002 and that defendant has refused to pay the supplemental tax since 2002 and has demanded a refund for the supplemental tax paid prior to 2002; otherwise denies the allegations contained in paragraph 43.

44. The allegations contained in paragraph 44 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. Denies.

50. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraphs 38 and 49, or to any relief whatsoever.

## DEFENDANT'S COUNTERCLAIM

1. This Court possesses jurisdiction to entertain defendant's counterclaim pursuant to 28 U.S.C. § 1503 and 28 U.S.C. § 2508.

2. Pursuant to the tax adjustment clause in the lease, defendant must pay "its share of increases in real estate taxes over taxes paid for the calendar year in which its lease commences (base year)."

3. The supplemental tax is not a real estate tax within the meaning of the tax adjustment clause.

4. Prior to 2002, defendant erroneously included the supplemental tax when calculating additional rent to be paid

pursuant to the tax adjustment clause, resulting in an overpayment to plaintiff of $311,522.54.

5. For the lease year 2002/2003, defendant's proportionate share of the increase in real estate taxes payable pursuant to the tax adjustment clause was $4,548.70.

WHEREFORE, defendant requests that judgment be entered in favor of the defendant in the amount of $306,973.80 ($311,522.54 less $4,548.70), plus interest, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

/s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Fl.
1100 L. St. NW
Washington, DC 20530
Telephone: (202) 353-0536
Facsimile: (202) 307-0972

Attorneys for Defendant

August 25, 2005