**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CITY CRESCENT LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-580<br>(Chief Judge Damich) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), and the Court's special procedures order dated July 7, 2005, plaintiff, City Crescent Limited Partnership ("CCLP") and defendant, the United States, respectfully submit this Joint Preliminary Status Report ("JPSR").

**a. Does the Court have jurisdiction over the action?**

The parties agree that this Court has jurisdiction over this matter pursuant to the Contracts Disputes Act of 1978, 41 U.S.C. § 601, et seq., and the Tucker Act, 28 U.S.C. § 1491(a)(1).

**b. Should the case be consolidated with any other case and the reasons therefor?**

The parties agree that this case should not be consolidated with any other case.

**c. Should trial of liability and damages be bifurcated and the reasons therefor?**

The parties agree that bifurcation of the proceedings is not warranted.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefor?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal. In addition, pursuant to the Court's order, there is currently no basis for transferring or remanding the case to another tribunal. There are no related cases in this or any other tribunal.

**e. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?**

The parties agree that no remand or suspension will be sought.

**f. Will additional parties be joined?**

The parties agree that no additional parties will be joined.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?**

The parties intend to file dispositive motions pursuant to RCFC 56 as no genuine issue of material fact exists and this action can be decided as a matter of law. The parties anticipate that their cross motions pursuant to RCFC 56 can be filed no later than February 1, 2006.

**h. What are the relevant factual and legal issues?**

This action arises out of a lease between the U.S. General Services Administration ("GSA") and plaintiff, the lessor, for the premises located at 10 South Howard Street, Baltimore, Maryland (the "Property" and "Lease," respectively). Among other provisions, the Lease contains GSAR 552.270-24, Tax Adjustment, which required GSA to pay its share of increases in real estate taxes. In June 1992, the City of Baltimore

enacted Ordinance No. 57 (the "Ordinance"), which authorized a Downtown Management District and Downtown Management District Authority ("DMA"). The Ordinance states that funding for the DMA would be provided through a "supplemental annual property tax, levied on all properties subject to real property taxation" ("Supplemental Tax"). Baltimore, Md., Ord. No. 57, § 8(b) (June 29, 1992). The Ordinance also states that the Supplemental Tax "shall be assessed and collected in conjunction with the property taxes assessed and collected by the City ('Regular Tax')" and "[e]nforcement of the Supplemental Tax shall be in accordance with the enforcement of the Regular Tax and all provisions applicable to the assessment, collection, enforcement and refunding of the Regular Tax shall apply to the Supplemental Tax…" Id. The Property that is subject to the Lease is included within the area that is subject to the Supplemental Tax.

In or about July of every year during the Lease, CCLP received the real estate tax bill from the City of Baltimore for the Property. These annual tax bills for the Property included the State of Maryland tax ("State Tax"), the City of Baltimore tax ("City Tax") and the Supplemental Tax, the latter of which the City referred to as a Special Benefit District Surcharge on the real estate tax bill. The Supplemental Tax was first assessed against the Property in July 1995 for the tax year July 1, 1995 through July 30, 1996. All three taxes – State Tax, City Tax and Supplemental Tax - were calculated based on the assessed value of the property multiplied by the applicable tax rate for the tax year July 1-June 30.

In or about August of every year during the Lease, CCLP provided GSA with copies of tax bills for the Property, which included the State Tax, the City Tax and the

Supplemental Tax. In addition, for each year, CCLP and GSA's Contracting Officer executed a Real Estate Tax Escalation Analysis ("Escalation Analysis"), which calculated the amount of real estate taxes payable by GSA in accordance with GSAR 552.270-24 and the terms of the Lease. The Escalation Analysis for each year included all three taxes – State Tax, City Tax and Supplemental Tax. GSA paid the amount set forth in the executed Escalation Analysis every year until 2002.

By letter dated October 15, 2002, GSA contended that it had overpaid CCLP by $311,522.54 as a result of its improper computation of the taxes due. The basis of GSA's contention was that the Supplemental Tax is not a real estate tax that GSA is required to pay pursuant to GSAR 552.270-24 and the terms of the Lease. In addition, GSA demanded that CCLP refund the amounts representing the Supplemental Tax paid by GSA to CCLP. Since 2002, GSA has refused to pay any Supplemental Tax for the Property.

On or about June 1, 2004, the Contracting Officer issued a final decision finding that GSA was entitled to a refund of the Supplemental Tax amounts that had been paid by it throughout the term of the Lease. The final decision was based on the Contracting Officer's belief that the Supplemental Tax is not a real estate tax compensable pursuant to the terms of the Lease.

On or about May 27, 2005, CCLP filed a complaint against the Government for breach of contract and declaratory judgment arising out of the GSA's demand for a refund of all monies paid for the Supplemental Tax and its refusal to pay the applicable Supplemental Tax pursuant to the terms of the Lease and GSAR 552.270-24 since 2002.

The parties agree upon the following issue to be resolved in this proceeding:

1. Whether the Supplemental Tax for the Property is a real estate tax that GSA is required to pay CCLP pursuant to GSAR 552.270-24 and the terms of the Lease.

Furthermore, plaintiff states the principal issues in this case also include:

1. Whether the Government's demand for a refund of the Supplemental Tax amounts paid under the Lease, as well as its refusal to pay the applicable Supplemental Tax since 2002, constitute breaches of contract.

2. Whether the Contracting Officer's July 1, 2004 final decision that the Government is not obligated to reimburse CCLP for the Supplemental Tax assessed against the Project and that GSA is entitled to recover the amounts paid to CCLP for the Supplemental Tax is unwarranted by the law and the facts.

3. Whether the Government waived its right and ability, and is otherwise estopped, to demand a refund of the Supplemental Tax amounts paid to CCLP and to refuse to pay the Supplemental Tax since 2002 by and as a result of its actions and representations throughout the term of the Lease.

**i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties state that settlement may be an appropriate vehicle by which to resolve this matter, and the parties will make every effort to reach an amicable resolution, should such a course of action be deemed appropriate. At this time, the parties do not believe that alternative dispute resolution will be useful in facilitating settlement. The parties, however, will remain open to the possibility of alternative dispute resolution as the case progresses.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor?**

The parties do not anticipate proceeding to trial and believe that this matter can be disposed of pursuant to RCFC 56.

**<u>Proposed Schedule</u>**

The parties believe that discovery is not necessary to resolve this matter pursuant to RCFC 56. However, defendant contemplates the need for the parties to exchange initial disclosures pursuant to RCFC 26(a) and, by stipulation, the parties have agreed to exchange such initial disclosures no later than December 20, 2005.[1] The parties will file their cross motions pursuant to RCFC 56 no later than February 1, 2006.

**k. Are there special issues regarding electronic case management needs?**

The parties do not have any special issues regarding electronic case management.

**l. Is there other information of which the Court should be aware at this time?**

The parties do not have additional information of which they wish to inform the Court at this time.

Dated: November 21, 2005.

[1] The parties' agreement to forgo discovery beyond the initial disclosures is based upon the assumption that plaintiff's claims are not based upon any oral statements or oral representations. In the event that plaintiff relies upon oral statements or representations in support of its claims, defendant reserves its right to depose individuals with knowledge related to the alleged oral statements or representations.

Respectfully submitted,

/s/ Robert G. Watt, Esquire
Robert G. Watt, Esquire
Watt, Tieder, Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000 (phone)
(703) 893-8029 (fax)

Counsel for Plaintiff, City Crescent Limited Partnership

Of Counsel:

Christopher Anzidei, Esquire
Watt, Tieder, Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000 (phone)
(703) 893-8029 (fax)

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

/s/ Michael J. Dierberg
Michael J. Dierberg, Esquire
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
Classification Unit: 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 353-0536
Fax: (202) 307-0972

Counsel for Defendant