# In the United States Court of Federal Claims

No. 05-580C

(Filed: April 26, 2006)

*****************************************

CITY CRESCENT LIMITED PARTNERSHIP,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

*****************************************

SCHEDULING ORDER

On April 26, 2006, the Court held a telephonic conference with counsel for the parties. In reviewing the parties' cross-motions for summary judgment, the Court has determined that genuine issues of material fact, or a need for further evidence, exists in three areas. As mutually agreed with counsel for the parties, the Court will conduct an evidentiary hearing beginning on Tuesday, June 13, 2006 at 9:00 AM. The parties will be afforded an opportunity to present evidence on the following issues:

1. What specific services, benefits or improvements are provided by the revenues from the city of Baltimore's supplemental annual property tax in the Downtown Management District ("District")? Are these services, benefits or improvements also provided elsewhere in the city of Baltimore, outside of the District? What specific benefit, if any, does a property owner or building occupant within the District receive from the revenues of the supplemental annual property tax? What benefits run to the general public?

2. Why did GSA pay its share of the supplemental annual property tax for seven years, from 1995 to 2002? What review or analysis did GSA perform, if any, in deciding to pay its share of the supplemental annual property tax for this seven-year period? What person(s) within GSA made the determination to pay the tax, and what knowledge or

information about the tax did such person(s) possess? What happened that caused GSA to change its position in 2002, and what person(s) within GSA made this determination? What knowledge did GSA possess about the supplemental annual property tax when it prepared the October 15, 2001 Lease Status Report? Who prepared, reviewed, and approved the Lease Status Report?

3. What specific actions, if any, did Plaintiff take in reliance upon GSA's continued payment in future years of its share of the supplemental annual property tax? Regarding Plaintiff's contention that it established annual rent for the 15-year lease extension in reliance on GSA's continued payment of its share of the tax, please demonstrate how, if at all, the annual rent is tied to GSA's continued payment of its share of the tax.

The Court will hear oral argument on the cross-motions for summary judgment at the conclusion of the evidentiary hearing. The Court will allow two days for the hearing and argument, although one or 1-1/2 days may be sufficient.

On or before June 2, 2006, counsel for the parties shall exchange and provide to the Court: (i) A list of witnesses to be called at the hearing, and a brief description of the subjects on which each witness will testify; and (ii) A list of exhibits that each party intends to offer into evidence at the hearing, with copies of the exhibits to be exchanged but not provided to the Court. The Court also requests from each party a pre-hearing brief by this date addressing: (i) Which party bears the burden of proof, i.e., does Plaintiff have the burden of establishing that GSA is required to pay the supplemental annual property tax, or does Defendant have the burden of establishing that GSA is not required to pay the supplemental annual property tax; and (ii) Whether state law has any application in this case, other than for clarifying an ambiguity in the language of the parties' lease. The pre-hearing brief from each party shall not exceed ten pages.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge