IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CITY CRESCENT LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 05-580<br>(Judge Wheeler) |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 26, 2006 ORDER DIRECTING A RULE 43(e) EVIDENTIARY HEARING**

Pursuant to Rule 59, defendant, the United States, respectfully requests the Court to reconsider the order issued April 26, 2006 ("order") upon the grounds that the defendant opposes the summary judgment proceeding set forth in the order, offering the opportunity to present oral testimony, as a means of resolving the parties' cross-motions for summary judgment. "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1985). We respectfully oppose the procedure set forth in the Court's order to the extent that the Court intends to use the proceeding to weigh the evidence and determine the truth of the matters asserted. Even if the Court intends solely to use the Rule 43(e) hearing to determine whether there are disputed issues of material fact, such a hearing is not appropriate in this case. In the alternative, we respectfully request that the Court's scheduling order be modified so that the date of the scheduling order is extended by 48 days, to July 31, 2006.

### A. Rule 43(e) Evidentiary Hearings Are Generally Not An Appropriate Method For Resolving Summary Judgment Motions

Rule 56 does not identify oral testimony as a method for supporting or opposing summary judgment motions. See RCFC 56(c) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . ."); RCFC 56(e) ("The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits."). While we recognize that this Court has in the past exercised its discretion to employ the RCFC 43(e) proceeding adopted by the Court, Succession of Betty Felix Helis v. United States, 52 Fed. Cl. 745, 746 (2002) (taking oral testimony with the consent of both parties in summary judgment proceeding), vacated in part, 56 Fed. Cl. 544 (2003), First Nationwide Bank v. United States, 51 Fed. Cl. 762, 763 n. 3 (2002) (taking oral testimony in summary judgment proceeding over the objection of the Government), other courts that have considered the issue have stated that "oral testimony on summary judgment motions should be used sparingly and with great care." Seamons v. Snow, 206 F.3d 1021, 1026 (10th Cir. 2000). This is because summary judgment is to "provide quick resolution when there are no disputed issues of fact" and this "would be compromised if the hearing permitted by Rule 43(e) became a preliminary trial." Id. In addition, "oral testimony at the summary judgment stage creates a strong temptation for a judge to assess the witness' credibility. It is axiomatic that a judge may not evaluate the credibility of witnesses in deciding a motion for summary judgment." Id. (citing Anderson, 477 U.S. at 255).

Because of these concerns, several United States Courts of Appeals have either rejected or seriously questioned the propriety of the type of Rule 43(e) procedure set forth in the Court's

April 26, 2006 order. See Vital v. Interfaith Med. Ctr., 168 F.3d 615, 621-22 (2nd Cir. 1999) (finding district court committed error in taking oral testimony at summary judgment phase under Rule 43(e)); Thompson v. Mahre, 110 F.3d 716, 720 (9th Cir. 1997) (recognizing that use Rule 43(e) proceeding at summary judgment phases are rare and ordinarily a waste of time); Stewart v. RCA Corp., 790 F.2d 624, 628 (7th Cir. 1986) (recognizing that district court may not use Rule 43(e) proceeding to resolve factual dispute at summary judgment stage); Hayden v. First Nat'l Bank of Mt. Pleasant, 595 F.2d 994, 997 (5th Cir. 1979) (recognizing that summary judgment process would be compromised by preliminary trial under Rule 43(e)); 10A Charles A. Wright, et. al., Federal Practice and Procedure § 2723 (3d. ed.) (recognizing that taking oral testimony at summary judgment phase must be used "sparingly and with great care.").

**B. A Rule 43(e) Evidentiary Hearing Is Particularly Inappropriate In This Case**

The Court’s April 26, 2006 scheduling order states,“the Court has determined that genuine issues of material fact, or a need for further evidence, exists in three areas.” Order at 1. To the extent that this statement indicates that the Court has determined that there are genuine issues of material fact which remain following the parties’ summary judgment briefs, proposed findings of fact, and responses thereto, taking oral testimony through a Rule 43(e) evidentiary hearing is not an appropriate method to resolve genuine issues of material fact or to weigh evidence. E.g. Stewart v. RCA Corp., 790 F.2d at 628-29; Vital v. Interfaith Med. Ctr., 168 F.3d at 621-22; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1985) (stating that the trial judge not to weigh evidence or decide disputed issues of fact at summary judgment stage).

As indicated in our motion for summary judgment and reply brief, we believe that there are no genuine issues of material fact and that summary judgment in favor of the Government is appropriate. However, if the Court has determined that there are genuine issues of fact, we

respectfully suggest that the appropriate course would be either to deny the parties' motions for summary judgment, or to issue an order pursuant to Rule 56(d) granting partial summary judgment as to those issues or matters for which summary judgment is appropriate, and identifying the material issues that remain. The parties would thereafter propose a schedule for discovery regarding any such fact issues and any further proceedings.

Even assuming the Court intends to use the Rule 43(e) evidentiary hearing solely to determine whether there are genuine issues of material fact, such a hearing would be a particularly inappropriate method for resolving the parties' motions for summary judgment in this case. The parties have not engaged in any discovery in this case.[1] Without such discovery, the parties will have little means for testing the assertions of the other party's witnesses. Although this situation may arise in the context of ordinary summary judgment proceedings based upon affidavits and relevant documents, the other party has a means for addressing this situation through RCFC 56(f). This rule provides, "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." RCFC 56(f).

The parties will not know what testimony the other party intends to rely upon as additional support for its summary judgment motion until the testimony is presented at hearing. Although the parties will exchange a witness list ten days prior to the hearing, the parties will provide at that time only a "brief description of the subjects on which each witness will testify."

[1] The parties' joint preliminary status report states, "The parties believe that discovery is not necessary to resolve this matter pursuant to RCFC 56." JPSR at 6.

Order, at 2. This is unlikely to provide sufficient information upon which a party would be able to determine whether discovery is necessary in opposition to the witness's testimony. Even assuming that the Court would permit the parties to move for a continuance to obtain additional discovery pursuant to Rule 56(f) following a witness's testimony, the possibility of such a motion is a further reason for not conducting a Rule 43(e) evidentiary hearing due to the time and expense that may be wasted in the event that a Rule 56(f) continuance is necessary.

### C. In The Alternative, We Respectfully Request That The Court's Scheduling Order Be Modified So As To Extend The Date Of The Hearing

During the conference call with the Court on April 26, 2006, the Court indicated its intent to hold an evidentiary hearing with oral testimony and suggested various dates in which the evidentiary hearing could be held. The last dates given by the Court were during the week of June 12, 2006. Counsel for the Government requested additional time, but the Court declined to extend the date of the hearing past that week. In the event that the Court determines that a Rule 43(e) hearing is appropriate, we respectfully renew our request for additional time to prepare for such a hearing. Additional time will be required to determine what witnesses and documents, if any, the Government wishes to call at hearing, and to prepare for the hearing. Furthermore, providing additional time may allow the parties to provide a stipulation as to matters for which there is likely to be no material dispute, thereby eliminating the need to call certain witnesses. Therefore, in the event that the Court deems a Rule 43(e) hearing necessary and appropriate despite the foregoing arguments, we respectfully request that the Court extend the date for the Rule 43(e) hearing by 48 days, to July 31, 2006.

## CONCLUSION

For the reasons stated above, we respectfully request the Court to reconsider the April 26, 2006 order scheduling a Rule 43(e) evidentiary hearing. Alternatively, we request the Court to modify the April 26, 2006 order to extend the date of the hearing to July 31, 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

/s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Fl.
1100 L. St. NW
Washington, DC 20530
Telephone: (202) 353-0536
Facsimile: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

Robert Notigan
Assistant General Counsel
Real Property Division
General Services Administration

May 10, 2006