# In the United States Court of Federal Claims

No. 05-580C

(Filed: May 12, 2006)

| | |
|---|---|
| ****************************************** | * |
| | * |
| CITY CRESCENT LIMITED PARTNERSHIP, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| ****************************************** | * |

AMENDED SCHEDULING ORDER

On May 12, 2006, the Court held a transcribed telephone conference with counsel for the parties to address concerns raised by Defendant in its motion for reconsideration of the Court's April 26, 2006 Order directing a Rule 43(e) evidentiary hearing. Based upon Defendant's motion and the discussions with counsel, the Court hereby vacates the April 26, 2006 Scheduling Order. Instead of holding an evidentiary hearing, the parties shall submit affidavits and any relevant documentary evidence to the Court on the following issues:

1. What specific services, benefits or improvements are provided by the revenues from the city of Baltimore's supplemental annual property tax in the Downtown Management District ("District")? Are these services, benefits or improvements also provided elsewhere in the city of Baltimore, outside of the District? What specific benefit, if any, does a property owner or building occupant within the District receive from the revenues of the supplemental annual property tax? What benefits run to the general public?

In response to inquiries from Defendant's counsel, this issue does not contemplate a need to submit extensive fair market value evidence regarding the various buildings within the District, but the parties are of course free to submit whatever evidence they believe would be most helpful to the Court. Counsel for the parties have agreed to work cooperatively in

gaining access to information from District representatives. The parties have reserved the right to seek more formal discovery from District representatives, if they deem it necessary.

2. Why did GSA pay its share of the supplemental annual property tax for seven years, from 1995 to 2002? What review or analysis did GSA perform, if any, in deciding to pay its share of the supplemental annual property tax for this seven-year period? What person(s) within GSA made the determination to pay the tax, and what knowledge or information about the tax did such person(s) possess? What happened that caused GSA to change its position in 2002, and what person(s) within GSA made this determination? What knowledge did GSA possess about the supplemental annual property tax when it prepared the October 15, 2001 Lease Status Report? Who prepared, reviewed, and approved the Lease Status Report?

3. What specific actions, if any, did Plaintiff take in reliance upon GSA's continued payment in future years of its share of the supplemental annual property tax? Regarding Plaintiff's contention that it established annual rent for the 15-year lease extension in reliance on GSA's continued payment of its share of the tax, please demonstrate how, if at all, the annual rent is tied to GSA's continued payment of its share of the tax.

The Court also requests from each party a further legal brief addressing: (i) Which party bears the burden of proof, i.e., does Plaintiff have the burden of establishing that GSA is required to pay the supplemental annual property tax, or does Defendant have the burden of establishing that GSA is not required to pay the supplemental annual property tax; and (ii) Whether state law has any application in this case, other than for clarifying an ambiguity in the language of the parties' lease. The legal brief from each party shall not exceed ten pages.

The parties shall submit the above information (affidavits, documentary evidence, legal brief) to the Court on or before Thursday, June 15, 2006. The parties also may submit stipulations, if appropriate. The submitted information is expected to aid the Court in resolving the parties' cross-motions for summary judgment.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge