**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CITY CRESCENT LIMITED PARTNERSHIP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-580** |
| | ) | **(Judge Wheeler)** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF CITY CRESCENT LIMITED PARTNERSHIP'S SUPPLEMENTAL BRIEF FILED PURSUANT TO THE COURT'S AMENDED SCHEDULING ORDER**

Respectfully Submitted By:

Robert G. Watt, Esq.
Christopher M. Anzidei, Esq.
Watt, Tieder, Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 400
McLean, VA 22102

Attorneys for Plaintiff City Crescent Limited Partnership

The Court's Amended Scheduling Order, dated May 12, 2006, requested that the parties answer two additional questions related to the Cross-Motions for Summary Judgment: (i) which party bears the burden of proof; and (ii) whether state law has any application in this case, other than for clarifying any ambiguity in the language of the parties' Lease. The answer to the first question is that the defendant bears the burden of proving that the GSA is not required to pay the supplemental annual property tax because the GSA paid this tax for seven years before asserting an erroneous right to recoup taxes previously paid and refusing to pay any future taxes. Thus, the defendant bears the burden of proving the propriety of the GSA's actions.

The answer to the second question is that this case is governed by federal law. The Lease is unambiguous, as the defendant itself has contended, and it should be construed under federal contract law. There is no need to resort to Maryland law in construing the Lease, albeit City Crescent should also prevail under Maryland law for all the reasons explained in its prior briefs.

## I. The Defendant Bears the Burden of Proving that the GSA Is Not Required to Pay the Supplemental Annual Property Tax.

The defendant bears the burden of proving that the GSA is not required to pay the supplemental annual property tax because the GSA is seeking to avoid its obligation to pay this real estate tax in contravention of the plain language of the Lease's Tax-Adjustment Clause. Where a contractual dispute originates from an action or adjustment sought by the government, the government bears the burden of proof. See, e.g., Charles W. Ware, GSBCA No. 10126, 90-2 BCA ¶ 22,871 (1990). In such circumstances, the burden of proof does not shift to the contractor merely by virtue of the contractor filing suit to appeal an adverse decision from the Contracting Officer.

See, e.g., Mutual Maintenance Co., GSBCA No. 7496. For example, in Charles W. Ware the government had the burden of proving the propriety of a unilateral lease modification that it had issued to adjust the rent provision due to a purported mistake in the final document. Id. 85-2 BCA ¶ 18,098 (1985). It was irrelevant to the board's analysis that the lawsuit objecting to the government's unilateral action had been filed by the contractor. Id.

The present dispute is analogous to several other lines of cases in which the government has been held to bear the burden of proof on claims that originate from its own unilateral actions or adjustments:

- The government bears the burden of proving that it properly withheld funds as a setoff against amounts otherwise due under the contract. See e.g., Lisbon Contractors, Inc. v. United States, 825 F.2d 759, 769 (Fed. Cir. 1987); Lockheed Aircraft Corp. v. United States, 485 F.2d 584, 586 (Ct. Cl. 1973) Mutual Maintenance, 85-2 BCA ¶ 18,098;

- The government bears the burden of proof where the Contracting Officer issues a final decision disallowing certain categories of costs under a contract. See, e.g., Talley Defense Sys., Inc., ASBCA No. 39878, 93-1 BCA ¶ 25521 (1992);

- The government bears the burden of proof where it seeks to recover funds on the grounds that they were erroneously paid pursuant to a government employee's reimbursement claim. See, e.g., United States v. Benjamin, 184 F. Supp. 622, 624 (S.D. Ala. 1960).

- The government bears the burden of proof where it unilaterally issues a downward equitable adjustment to a contract, such as where it seeks to account for either the cost of deleted work or the value of a credit for work not in strict conformance with the specifications. See, e.g., Southland Enter., Inc. v. United States, 24 Cl. Ct. 596, 598 (1991); P.J. Dick, Inc. v. General Svcs. Admin., GSBCA No. 11783, 94-3 BCA ¶ 27,172 (1994).

- The government bears the burden of proof where it seeks to recover excess reprocurement costs on a defaulted contract. See, e.g., Barrett Refining Corp., ASBCA No. 36590 et al., 91-1 BCA ¶ 23,566 (1990).

In accordance with these established principles, the defendant bears the burden of proving that the GSA acted properly when (i) it unilaterally adjusted its rental payments as a setoff to recoup supplemental annual property taxes paid between 1995 and 2002, and (ii) it unilaterally decided to cease payment of the supplemental annual property tax beginning in 2002. For all of the reasons already advanced by CCLP in its prior briefs, the defendant cannot meet its burden of proof because the GSA's change of position in 2002 was based upon an erroneous interpretation of the Lease, the Baltimore ordinance, and its continuing legal obligations.

## II. Federal Law Applies to this Dispute Involving an Unambiguous Contract.

Because the parties' Lease is a federal government lease, federal law controls. See, e.g., Prudential Ins. Co. of America v. United States, 801 F.2d 1295, 1298 (Fed. Cir. 1986); Forman v. United States, 767 F.2d 875, 879-80 (Fed. Cir. 1985). Federal law governs the interpretation of federal government leases because the need for uniformity outweighs any particular state's interest. See, e.g., 6800 Corp., GSBCA No. 5880, 81-2 BCA ¶ 15,388 (1981). In Kimco Realty v. United States, 51 Fed. Cl. 257 (2001), a decision relied on by the defendant, this Court made it clear that federal law, rather than state law, controls the interpretation of tax adjustment provisions in government leases. Id. at 264.

When determining the parties' tax obligations under a federal lease agreement, courts and boards have turned to state law only when the language of the lease itself is ambiguous. See Summerfield Housing Ltd. P'ship v. United States, 42 Fed. Cl. 160 (1998) (lease required payment of "special assessments" but did not define the term); McDaniel Bros. Constr. Co., GSBCA No. 6973 et al., 84-2 BCA ¶ 17,497 (1984) (lease

required payment of "*general* real estate taxes" but gave no definition). Here, the defendant itself has contended that the language of the Lease's Tax-Adjustment clause is unambiguous. See Def. Mot. for S.J. at 6.

This is consistent with prior decisions interpreting the GSA's standard tax-adjustment clause. See Wright Runstad Prop. Ltd. P'ship v. United States, 40 Fed. Cl. 820, 826 (1998) (lease provision requiring GSA to pay "real estate taxes" is unambiguous); BGK Main St. Operating Assocs., Ltd. P'ship, Inc. v. GSA, GSBCA No. 16238, 04-2 BCA ¶ 32,658 (2004) (same). In BGK, for example, the board found that the plain language of the lease made the government responsible for all "real estate taxes," and that the City of Norfolk code imposed a "real estate tax." Because the lease was "clear and unambiguous," the board "look[ed] no further," and did not examine state law. Id. Similarly, in the present case, the court should apply federal law to the parties' unambiguous Lease and find the defendant liable for Baltimore's supplemental annual property tax.

## III. Conclusion

The defendant bears the burden of proof because this dispute originated with the GSA's unilateral actions. Thus, this case is similar to prior cases where the United States was saddled with the burden of proving offsets for defective work, deductive changes, and unallowable costs and reimbursements. The parties' Lease is an unambiguous contract governed by federal law, which dictates that the clear intent of the Lease's Tax-Adjustment Clause and the Baltimore supplemental annual property tax ordinance should be given effect. Here, the defendant has not met its burden of proving that the supplemental annual property tax falls outside the parties' agreement, including

their initial interpretation of the Lease's Tax-Adjustment Clause. CCLP is entitled to $494,390.64 in additional rent payments from the GSA for real estate tax increases that are attributable to Baltimore's supplemental annual property tax, plus interest and a declaration that the GSA must continue to pay tax increases resulting from the supplemental annual property tax through the remainder of the Lease term.

Dated: June 15, 2006

Respectfully submitted,

City Crescent Limited Partnership

By Counsel

s/Robert G. Watt, Esquire

Robert G. Watt, Esquire
Christopher M. Anzidei, Esquire
Watt, Tieder, Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000 (phone)
(703) 893-8029 (fax)