IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CITY CRESCENT LIMITED PARTNERSHIP, Plaintiff, v. THE UNITED STATES, Defendant. | No. 05-580 (Judge Wheeler) |

SUPPLEMENTAL BRIEF IN RESPONSE TO
THE COURT'S ORDER DATED MAY 12, 2006

Pursuant to the Court's revised scheduling order, dated May 12, 2006, defendant, the United States respectfully submits this supplemental brief in response to the questions posed in the Court's revised scheduling order regarding the burden of proof and the role of state law in assessing the obligations of the parties pursuant to the lease.

I. The Burden Of Proof

In the Court's revised scheduling order, the Court asks, "[w]hich party bears the burden of proof, i.e., does Plaintiff have the burden of establishing that GSA is required to pay the supplemental annual property tax, or does Defendant have the burden of establishing that GSA is not required to pay the supplemental annual property tax." Order at 2. The answer to that question depends upon the context in which the Court is considering the evidence proffered by the parties.

In the current context, in which the parties have filed cross-motions for summary judgment, the burden of proof is determined by the rules governing summary judgment proceedings. The party moving for summary judgment has the initial burden of demonstrating

the absence of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (holding the movant must meet its burden "by 'showing'– that is pointing out to the [trial court] that there is an absence of evidence to support the nonmoving party's case."). A genuine issue is one that "may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Furthermore, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970). If the moving party carries its burden to demonstrate an absence of any genuine issue of material fact, then the burden shifts to the non-moving party to show a genuine factual dispute exists. Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1562-63 (Fed. Cir. 1987); see also 10A Charles A. Wright, et. al., Federal Practice and Procedure § 2727 (3d. ed.) (providing an overview of the burdens of proof in the context of summary judgment).

Because both parties have filed motions for summary judgment, the applicable burden of proof is different for each party's motion. With respect to our motion for summary judgment, we have the initial burden of demonstrating the absence of any genuine issue of material fact. As we demonstrated in our initial brief, proposed findings of uncontroverted fact, and reply brief in support of our motion, the Government has met that initial burden by showing that: (1) the lease unambiguously does not require the Government to pay for special assessments imposed upon City Crescent; and (2) there is no genuine issue of material fact that the special benefit district surcharge is a special assessment. Because we met this initial burden, the burden shifted to City

Crescent to demonstrate that a genuine factual dispute exists. City Crescent failed to do so, therefore summary judgment in favor of the Government is appropriate.[1]

As to the burden of proof in the event that the Court denies summary judgment to both parties, or grants summary judgment in part, the burden of proof will be upon City Crescent to prove its entitlement to a refund for the amounts that were deducted from the rent following the contracting officer's final decision. In cases appealing a decision of the contracting officer pursuant to the Contract Disputes Act, "[t]he contractor has the burden of proving the fundamental facts of liability and damages . . . ." Wilner v. United States, 24 F.3d 1397, 1401 (Fed. Cir. 1994) (en banc); see also TLT Constr. Corp. v. United States, 60 Fed. Cl. 187, 192 (2004) (stating that the contractor has the burden in a CDA case of proving liability, causation, and damages).

At the summary judgment stage and at trial, the Court must also take into account any applicable presumptions. As we demonstrated in our opening and reply briefs, there is a presumption which operates against City Crescent in which it is presumed that the group of property owners subject to the special assessment receives a special benefit from the expenditure of funds raised by the special assessment. See Def. Br. at 12 and Def. Reply Br. at 8 (citing cases from the Court of Federal Claims and state courts in Maryland, New York, and Washington); see also Illinois Cent. R. Co. v. City of Decatur, 147 U.S. 190, 208-09 (1893)

---

[1] Assuming that the Court concludes that summary judgment in favor of the Government is appropriate, the Court need not consider the respective burdens applicable to City Crescent's motion for summary judgment. However, in the event that the Court determines that summary judgment in favor of the Government is not appropriate, then City Crescent would have the initial burden of proof with respect to its motion for summary judgment. If the Court concluded that City Crescent met that burden, then the burden would shift to the Government to prove the absence of a material dispute of fact.

(describing the presumption of benefits that applies based upon the legislature or city's imposition of a special assessment).

During the parties' conference call with the Court held on April 26, 2006, the Court inquired whether the Government's payment of the special assessment for several years affects the burden of proof. We are not aware of any cases which have held that the burden of proof should shift away from the plaintiff / contractor at trial based upon similar facts. Furthermore, the Government has recently learned through the affidavit of Kirby Fowler, the executive director of the Downtown Management Authority ("DMA"), that the special benefit district surcharge for the Downtown Management District first went into effect during the 1992/1993 tax year, and that the initial bills for the special benefit district surcharge were sent in October of 1992. Therefore, to the extent that the Court finds any relevance to the Government's error in paying the special assessment starting with the tax year 1995/1996, City Crescent would also have to explain why prior to tax year 1995/1996, it did not request inclusion of any special assessment for the Downtown Management District in the calculation of real estate tax adjustments, and why there was no special assessment included in the base year (1994/1995).[2] See Def. Prop. Findings § 8; Pl. Resp. to Def. Prop. Findings § 8; Pl. App. at 45-49 (real estate tax escalation analyses showing that no special assessment was included in the base year 1993/1994); Dooling Aff. ¶ 3; Compl. Ex. 3 (letter dated October 4, 1994 from Gus Siperko on behalf of City Crescent to Douglas Dooling, with attachments, which did not include any special assessment in the calculation of either the base year (1993/1994) or tax year 1994/1995).

---

[2] The base year is particularly important given that the real estate tax adjustment each year is determined based upon a comparison of real estate taxes paid in the most recent year with those paid in the base year. Def. App. at 11.

II. Whether It Is Appropriate To Look To State Law In Deciding This Case

In the Court's revised scheduling order, the Court asks the parties to address "[w]hether state law has any application in this case, other than for clarifying an ambiguity in the language of the parties' lease." Order at 2. The role of state law in this case depends upon the issue being addressed by the Court. As we demonstrated in our briefs, there are two primary issues in this case: (1) whether the lease obligates the Government to pay any portion of special assessments imposed upon the lessor; and (2) if not, whether the special benefit district surcharge for the Downtown Management District in Baltimore, Maryland is a special assessment. The first issue is governed by rules of contract interpretation as established by the Federal Circuit, this Court, and other Federal courts. However, because the real estate tax adjustment clause was not drafted in a vacuum, it is also appropriate to look to state court decisions to see how the terms have generally been used and interpreted in other real estate documents. See, e.g., Wright Runstad Prop. Ltd. P'ship v. United States, 40 Fed. Cl. 820, 825 (1998) (examining both federal and state cases interpreting the term real estate taxes and similar terms in the context of leases, and concluding that the lease unambiguously does not obligate GSA to pay a portion of special assessments); Illinois Cent. R. Co. v. City of Decatur, 147 U.S. 190, 198-201 (1893) (examining decisions from numerous states which have recognized the distinction between taxes and special assessments; concluding that this distinction is "a rule of very general acceptance"); McDaniel Bros. Constr. Co., GSBCA 6973, 1984 WL 13462 (1984) (recognizing the distinction between real estate taxes and special assessments, citing state and federal decisions). Furthermore, it is also appropriate to look to Maryland law to assist in determining whether the special benefit district surcharge for the Downtown Management

District is a special assessment because the special benefit district surcharge is created by, and its continued existence depends upon, Maryland law. See Summerfield Housing Ltd. P'ship v. United States, 42 Fed. Cl. 160, 168 (1998), aff'd 217 F.3d 860 (1999) (looking to Maryland law in determining whether the Government was obligated under its lease to pay a portion of the lessor's special assessment).

In any event, as we demonstrated in our opening brief, state and Federal courts have been consistent in recognizing the distinction between taxes and special assessments. See, e.g., Illinois Cent. R. Co. v. City of Decatur, 147 U.S. at 198-201 (referring to special assessments as proceeding "upon the theory that the property charged therewith is enhanced in value by the improvement"); Williams v. Anne Arundel County, 638 A.2d 74, 83 (Md. 1994) (describing the special benefit to the property owners in terms of increased property value). Therefore, as we demonstrated in our previous briefs, whether analyzed under Maryland law, the law of numerous other states, or Federal law, the lease does not obligate GSA to pay a portion of City Crescent's special assessment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

OF COUNSEL:

Robert Notigan
Assistant General Counsel
Real Property Division
General Services Administration

/s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Fl.
1100 L. St. NW
Washington, DC 20530
Telephone: (202) 353-0536
Facsimile: (202) 307-0972

June 15, 2006

Attorneys for Defendant