IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CITY CRESCENT LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 05-580<br>(Judge Wheeler) |

AFFIDAVIT OF DOUGLAS DOOLING

I, Douglas Dooling, being duly sworn, hereby state as follows:

1. I am over the age of 18 and have personal knowledge of the matters set forth herein and if called as a witness could competently testify thereto.

2. I am currently a Realty Specialist for the General Services Administration ("GSA"), Public Building Service, Mid-Atlantic Region. I am the current contracting officer for lease number GS-03B-09074 between GSA and City Crescent Limited Partnership ("City Crescent"). Since the lease's inception several other GSA contracting officers have also administered this lease. I have served as a contracting officer administering this lease at various times since approximately 1994.

3. For tax year 1995/1996 (Maryland's 1995/1996 tax year ran from July 1, 1995 through June 30, 1996) through 2001/2002, the GSA paid a rental increase pursuant to the real estate tax adjustment clause in the lease which erroneously included payments for a special assessment, also referred to as a "special benefit district surcharge" imposed upon City Crescent for the Downtown Management District within the city of Baltimore. For tax year 1994/1995, City Crescent did not request or suggest that the real estate tax escalation include any special

assessments. If there was a special assessment in effect for tax year 1993/1994, it was not included in the calculation of the base real estate taxes for purposes of the real estate tax adjustment clause.

4. The real estate tax escalation analyses which reflected the inclusion of the special assessment in the calculation of the real estate tax adjustment were generally prepared by a space management technician or space management assistant for the GSA, based upon the information provided by City Crescent.

5. The first real estate tax escalation analysis to include the special assessment in the calculation of the real estate tax adjustment was for tax year 1995/1996. I do not recall any discussions regarding the special assessment at that time, nor do I recall putting any significant thought into whether the special assessment should be included in the calculation of the real estate tax adjustment. Margaret Prophet-Mays was the space management assistant who prepared the real estate tax escalation analysis for the 1995/1996 tax year. Since that time, Ms. Prophet-Mays has retired from employment at GSA. At the time that I signed the 1995/1996 real estate tax analysis, I was unaware that the lease does not obligate the GSA to pay special assessments.

6. Some time between October 15, 2001 and October 15, 2002, Gail Gallagher informed me that we had been paying the special assessment erroneously. Ms. Gallagher is Lease Administration Team Leader, responsible for the oversight of lease administration which includes tax escalations, operating cost escalations, and miscellaneous administrative changes. Ms. Gallagher learned that we had been paying the special assessment during an audit of this lease. By letter dated October 15, 2002, GSA informed City Crescent of the erroneous payments for the special assessment.

7. By letter dated October 15, 2001, GSA provided a lease status report to City Crescent to enable City Crescent to obtain financing for the subject property. I do not recall how this particular lease status report was drafted, although I do not believe that I was the one who drafted it. Often times, the lessor provides the initial draft and GSA makes any necessary changes.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge.

Dated the 15 day of June, 2006.

Douglas Dooling

On the 15 day of June, 2006, before me personally appeared Douglas Dooling, known to me to be the person whose name is subscribed herein.

In witness whereof I hereunto set my hand and official seal.

Jeannine M. Atwell 6/15/06

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JEANNINE M. ATWELL, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 13, 2010